Mrs. Ethel Mae COXSEY et al.,
Appellants,
v.
Najeeb HALLABY et al., Appellees.
No. 7820.

United States Court of Appeals
Tenth Circuit.
July 17, 1964.

John Embry and George Miskovsky, Oklahoma City, Okl., for appellants.

John W. Douglas, Asst. Atty. Gen. (B. Andrew Potter, U. S. Atty. and Alan S. Rosenthal and Alan Raywid, Attys., Dept. of Justice, were with him on the brief), for appellees.

Before LEWIS, BREITENSTEIN, and SETH, Circuit Judges.

PER CURIAM.

Appellants-plaintiffs, residents of Oklahoma City, Oklahoma, sued in state court on behalf of themselves and others similarly situated to enjoin sonic boom tests conducted by the Federal Aviation Agency over Oklahoma City. The state court, ex parte, granted a temporary injunction. The case was then removed to the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 1442(a). A motion to remand was overruled. At the conclusion of non-evidentiary hearings before the federal district court, the state court's temporary injunction was vacated and the action was dismissed for

lack of jurisdiction; and additionally the appellees-defendants were granted a summary judgment. Due to the importance of the ultimate question involved and the urgency of time, we allowed an expedited appeal.

The appellees-defendants are all federal officers and employees engaged in varying capacities in the development of commercial Supersonic Transport Aircraft. Plaintiffs allege that since February 3, 1964, defendants have directed or have been flying United States Air Force Fighter Aircraft over Oklahoma City at supersonic speeds; that such activities will extend into August, 1964, and may be extended to January 1, 1965; that the aircraft generate shock waves which damage properties of the plaintiffs and affect the health and well-being of the plaintiffs; that the activities were undertaken with knowledge of the defendants that property damage and health injury would result; that the flights are a continuing trespass and public nuisance; and that irreparable damage will occur unless the flights are enjoined.

We reverse the judgment. From our examination of the record we are satisfied that the suit cannot, at this point, be said to be one against the United States brought without consent, nor can it be determined that the activities of appellees-defendants are unqualifiedly valid because of the general authority granted the Federal Aviation Agency[1] to develop and study supersonic air transportation.[2] Nor do we believe the case to be ripe for summary judgment. Speaking generally, the public must submit to inconvenience and discomfiture caused by legitimate governmental activities which do not offend constitutional requirements. Here we have allegations of damage to property and injury to health. The defendants say that such claims are compensable, may be satisfied in monetary damages, and do not offend the due process requirements. The plaintiffs insist that they have been damaged to such an extent and in such a manner that the Constitution has been violated. In our opinion the case presents a genuine issue over material facts and cannot be decided in summary judgment proceedings.

The case is remanded for further proceedings and the mandate shall issue forthwith. If it appears desirable this court will file, at a later date, a further expression of its views.

---

1. 49 U.S.C. § 1353(b).

2. Appellees-defendants state a prime purpose of the deliberate exposure of the appellants to sonic booms to be "to determine the normal reaction of ground population over a significant period of time to sonic boom pressures * * *." Appellants-plaintiffs deny the right of appellees to use them as guinea pigs to determine the bounds of human tolerance to sonic booms.