John W. GRANT et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Wesley W. KIRK et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

William Keith COX et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Mozelle FREY, and others in class, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. Nos. 67–161, 69–63, 69–179, 69–322.

United States District Court, W. D. Oklahoma.

Aug. 18, 1970.

Addendum Sept. 25, 1970.

---

Ted J. Davis, Richard A. Procter, of West & Procter, Oklahoma City, Okl., for plaintiffs.

B. Andrew Potter, U. S. Atty., David A. Kline, John W. Raley, Jr., Asst. U. S. Dist. Attys., William R. Burkett, U. S. Atty., James M. Peters, Asst. U. S. Atty., Oklahoma City, Okl., Thomas A. Reilly, Washington, D. C., Joseph T. Brennan, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

CHANDLER, District Judge.

The above entitled actions, consolidated for the purpose of trial, came on for duly noticed trial on the 29th day of July, 1970. All parties announced ready for trial and the defendant renewed its Motion to Dismiss upon the grounds that the Complaints do not state facts sufficient to constitute causes of action under the Tucker Act, 28 U.S.C. 1346(a)(2) and that recovery under the Federal Tort Claims Act, Section 1346(b) which it is asserted is the applicable Act, is barred by the two year statute of limitations, 28 U.S.C. 2401(b).

The actions arise out of shock wave or "sonic boom" tests conducted by the Federal Aviation Agency in its effort to develop a commercial Supersonic Transport Aircraft (SST) which travels at speeds faster than sound under the authority vested in the FAA Administrator by Section 312(b) of the Federal Aviation Act (FAA) of 1953 (49 U.S.C. 1353(b)) which empowers the FAA "to undertake or supervise such development work and service testing as tends to the creation of improved aircraft" for the purpose of determining whether flights of such aircraft over populated areas were acceptable to the public and to assess the impact of the "sonic booms" on ordinary building structures.

The officials of the FAA through the news media and conferences with members of the City Council and Chamber of Commerce assured the public that any damage caused by the tests would be paid by the Government. In connection with the tests the FAA also set up in Oklahoma City a claims program through the Department of the Air Force under the Military Claims Act, 10 U.S.C. 2733, for evaluation and payment of valid claims for damage flowing from the shock waves or "sonic booms" by the Claims Officer at Tinker Air Force Base with reimbursement by the FAA. There was general release of this information to the public and many claims were filed for damage to structures, some of which were paid.

The plaintiffs seek recovery in these actions for damages alleged to have been caused to their property by the shock waves or "sonic booms" during the tests conducted in the period from February 3, 1964 to August 3, 1964.

In support of its Motion to Dismiss the Government contends that the decision of the Court of Appeals for the Tenth Circuit in United States v. Gravelle, et al., 407 F.2d 964, a class action brought by other property owners for "sonic boom" damage caused by the same tests, constitutes an adjudication that recovery can be had for such damage only under the Tort Claims Act and that actions thereunder are barred by the two year limitation of Section 28 U. S.C. 2401(b); that there is no liability under the Tucker Act.

The *Gravelle* action involved more than 100. claims brought by claimants represented by the same counsel who appear here for the plaintiffs and was tried by the judge sitting in this case.

The records of the court in *Gravelle* which have been made a part of the record here clearly show that that action was grounded on the Tucker Act, 28 U. S.C. 1346(a) (2) and that in the *alternative* the plaintiffs sought recovery under the Tort Claims Act, 1346(b). Par-

agraph 2 of the *Gravelle* Complaint states:

"2. This action is brought under the provisions of Title 28 U.S.C.A., Section 1346(2) (a) [(a) (2)], Act of Congress, June 25, 1948, Ch. 646, 62 Stat. 933, as subsequently amended. None of the claims of any of the Plaintiffs exceed $10,000.00, and each is founded upon an implied contract with the government of the United States, as hereinafter more fully appears. In the *alternative*, this action is alleged under the provisions of 28 U.S.C., Section 2671, et seq. providing for the enforcement of tort claims against the United States. The jurisdiction of this court is authorized under 28 U.S.C. Section 1346(b)."

Paragraph 3 alleges:

"3. Plaintiffs, and each of them, have a claim against the United States under an implied contract, for compensation for value of property taken and damaged by the United States for public use, as hereinafter more particularly stated."

and it is stated in paragraph 5:

"That in conjunction with said test, the Federal Aviation Authority as well as other executives of the United States Government stated that any and all damage caused by the sonic boom, would be paid for by the Federal Government."

Although the Government in that action denied in its answer—

"that portion of paragraph No. 2 of the complaint which alleges that the Court has jurisdiction of this action and which alleges the existence of an implied contract between the plaintiffs and the defendant."

the record shows that no adjudication was made by the Trial Court as to whether the jurisdiction of the court and the resulting liability arose by reason of the Tucker Act or the Tort Claims Act. The facts are that counsel for the parties stipulated in the presence of the trial court that this question was immaterial under the circumstances and

that the only question the Government would urge was that no damage could have resulted and that no damage did result from the sonic boom tests.

The Report of the Special Masters so finds in the first paragraph as follows:

"the parties stipulated that the Court had jurisdiction of the parties and the subject matter of the action and the only issue to be tried by the Special Masters was whether the damage complained of was proximately caused by sonic booms."

The fact that the Court of Appeals erroneously stated in the first paragraph of the Opinion written by Chief Judge Lewis, 407 F.2d 964, 965, 966 that—

"This appeal is taken from judgments entered by the District Court for the Western District of Oklahoma against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and in favor of the several appellees for property damage allegedly caused by sonic booms *intentionally generated* by the United States in a test program conducted in and over Oklahoma City. The appellate questions presented are *very limited* and the *principal issue* probes the quality and quantity of evidence necessary to sustain an *affirmative finding of causation of damages* occasioned by the *government's wilful tort.*"

apparently resulted from the misleading and incorrect statement made in the first sentence of the Government's brief and the footnote thereto as follows:

"This is an action brought under the Federal Tort Claims Act, 28 U.S. C. 1346(b) [1], based upon damage al-

"[1]. The plaintiffs *also* sought to recover under the Tucker Act, 28 U.S.C. 1346 (a) (2).

legedly caused to property of a certain number of residents of Oklahoma City by the Government's program of supersonic test flights there."

whereas the Complaint reveals that the plaintiffs based their action on the Tucker Act and relied upon the agreement of the Government to compensate the citizens of Oklahoma City for all damage caused by the sonic boom tests.

The opinion also discloses that no adjudication was made of the question as to whether the action was properly grounded on the Tucker Act or the Tort Claims Act.

So there is no merit whatever in the contention that it was adjudicated in the *Gravelle* case that the liability of the Government assessed there by the trial and appellate courts was grounded on the Tort Claims Act. The erroneous reference to the Tort Claims Act was clearly induced by the erroneous and misleading statement of the Government in its brief.

■ The Tort Claims Act, Section 1346(b), confers upon the district courts original jurisdiction of civil actions for money damages—

"for injury or loss of property or personal injury or death caused by the *negligent* or *wrongful* act or omission of any employee of the government while acting within the scope of his office or employment."

In the instant actions the acts of the Government were neither negligent nor wrongful. Thus it seems clear that the Tort Claims Act does not authorize recovery under the facts present in *Gravelle* or the instant actions.

■ It also seems just as clear that the Tucker Act, Section 1346(a) (2), which provides:

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

does grant jurisdiction since none of these claims exceeds $10,000 and they are founded upon either the Constitution, an Act of Congress or upon an express or implied contract with the Unit-

ed States and/or are for unliquidated damages in cases not sounding in tort. The Government had the obligation under the Constitution to pay just compensation. The damage to the property constituted a taking within the terms of the Constitution and it may rationally be said that the Government did take that part of the property which it damaged. It appears also that tests were made under the authority of an Act of Congress authorizing the sonic boom tests and if the agreement of the Federal Aviation Authority to pay any damage is not an express contract it is a contract implied in fact. It constituted a promise to pay.

It would be strange indeed if an act which the Government had a right to perform and which no one claims it performed negligently, constituted a tort in any sense of the word since there was no breach of duty by the Government. The Government asserted and proved in Coxsey, et al. v. Hallaby, et al., Civil No. 64–224 in this Court, that it had both congressional and executive authority to perform the act. It naturally follows that if property was damaged or taken, just compensation must be awarded. The files in *Coxsey* have been made a part of this record. In that case this Court denied an injunction prohibiting the "sonic boom" tests and held that parties damaged thereby had an adequate remedy at law. See also same case, 334 F.2d 286.

The case of United States v. Lynah, 188 U.S. 445, 23 S.Ct. 349, 47 L.Ed. 539, contains a most interesting and instructive discussion of the basic principles of the Tucker Act. No negligent or wrongful act or omission is present here. There is present only the temporary taking by the Government of the property of these plaintiffs and its return to them in a damaged condition under an agreement, express or implied in fact, to pay for any damage caused. I can see no difference in a taking which destroys all of the property and a temporary taking which damages it—in other words, which takes only a part of it.

Generally speaking, a tort may involve acts which also constitute a breach of contract. The same facts may sustain either an action ex dilecto or ex contractu and the Court will grant relief based upon the most complete and ample redress that the law affords under the facts proved. 1 Am.Jur. Sec. 50, p. 442; Vogel v. Cobb, 193 Okl. 64, 141 P.2d 276.

I, therefore, am of the opinion that the court has jurisdiction under the Tucker Act and so hold. There was a temporary physical taking of this property for public use which caused permanent damage and the plaintiffs are entitled to just compensation for the temporary taking of the property for public use which damaged it. It is not necessary that a permanent easement be taken. In any event, it is the opinion of the court that one or more of the provisions of Section 1346(a) (2) vests the court with jurisdiction. The Government's Motion to Dismiss is overruled.

In connection with the 13 claims in which the evidence has been presented, I find in each instance that the property of the claimants was damaged during the sonic boom test flights and that the damage was proximately caused thereby.

### ADDENDUM

The evidence has been presented in 38 additional claims in the above entitled actions and the 13 claims hereinbefore referred to. The pleadings have been amended to conform to the proof and the parties have rested. Now on this 25th day of September, 1970, the court finds as a matter of fact from the evidence that the property of each of the foregoing claimants was damaged during the said sonic boom test flights; that said damage to said properties was proximately caused by said sonic boom tests; that as a matter of law the defendant is liable therefor and that the amount of the damage which was proximately caused thereby, exclusive of all other causes, was in the amounts set forth in the judgments in favor of said claimants this day entered by the Court in the above entitled cases.